IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HELEN RYERSON AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| JAMES L. AYERS and | ) |
| CENTRAL ILLINOIS MANUFACTURING | ) |
| COMPANY, an Illinois Corporation, d/b/a | ) |
| CIM-TEK® FILTRATION, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR FAIR VALUE PURCHASE OF STOCK AND FOR OTHER RELIEF**

Plaintiff, HELEN RYERSON AYERS, by her attorneys, Philip J. Nathanson of The Nathanson Law Firm, pursuant to, *inter alia*, section 12.56 of the Illinois Business Corporation Act, as amended, 805 ILCS §5/12.56, for her Complaint against the defendants, JAMES L. AYERS and CENTRAL ILLINOIS MANUFACTURING COMPANY, an Illinois Corporation ("CIMCO"), d/b/a CIM-TEK® FILTRATION.  In support of this Complaint, plaintiff alleges as follows:

**COUNT I**
**VALUATION AND PURCHASE OF STOCK PURSUANT TO 805 ILCS §5/12.56**

1. This action is brought under 28 U.S.C. §1332, the diversity of citizenship statute. The amount in controversy exceeds $75,000.

2. Plaintiff, HELEN RYERSON AYERS, is a citizen of Texas, residing in the City of Dallas, Dallas, County, Texas.

2. Defendant JAMES L. AYERS is a citizen of Illinois residing and working in Piatt County, Illinois.

3. Defendant CENTRAL ILLINOIS MANUFACTURING COMPANY, d/b/a CIM-TEK® FILTRATION, is an Illinois Corporation ("CIMCO"), with its principal place of

business in Bement, IL.

4. CIMCO is a closely-held family corporation that has been operating for over 50 years. It manufactures internationally and nationally, *inter alia*, filters for gasoline stations. The total outstanding stock is 1,000 shares.

5. CIMCO is a corporation that is 50% owned by Plaintiff's husband Will Ayers. Will Ayers was the President of CIMCO. Jim Ayers is now the President of CIMCO.

6. Commencing on or about May 2006, Will Ayers and his wife, Plaintiff, implemented a plan to ensure that Jim Ayers never succeeds in his fraud relating to the stock of Will Ayers in light of the Jim Ayers' illegal practices in his continued fraud and deprivation of the rights of Will Ayers as to his ownership of CIMCO stock and his rights as a shareholder and board member and officer of CIMCO.

7. On or about August 28, 2006, CIMCO Board member, shareholder, officer, and plaintiff's husband, Will Ayers, assigned, gifted and delivered to plaintiff 250 shares of CIMCO stock. That stock is in plaintiff's physical possession.

8. That assignment gave plaintiff legal ownership of 250 shares of CIMCO stock on or about August 28, 2006, and assignment was personally witnessed and personally medallion notarized by the president of the Bank of Bement in his office. There were no legal prohibitions that must be present on the face or the back of the stock to prevent that transfer of CIMCO stock. Will Ayers personally filled out the corporate ledger showing plaintiff's stock ownership.

9. As a result of the foregoing assignment, plaintiff owns 25% of CIMCO stock and she has all legal powers and rights attendant to stock ownership, including voting and

dividends.   Specifically, plaintiff has 1750 votes with the power to vote two Board members.

10. On or about August 31, 2006, Jim Ayers confiscated and hid from Will Ayers and from plaintiff the CIMCO corporate book and, based on information and belief, erased the entries that stated that plaintiff is a shareholder of CIMCO, as reflected by the entries made by Will Ayers in the corporate book and by Plaintiff's possession of 250 shares of CIMCO shares that Will Ayers assigned to Plaintiff which assignment was personally medallion notarized by the President of Bank of Bement in his office in August 2006

11. On or about October 3, 2006 and October 4, 2006, Jim Ayers the President of CIMCO, and Phil Comerford the Chairman of the Board of CIMCO, and Betty Ayers the sister of the family, and Helen Z. Ayers the step-mother of Jim Ayers, post-haste attempted to create a fraudulent stock agreement to retroactively and fraudulently void the assignment of 250 shares of stock to plaintiff accomplished on August 26, 2006.

12. On or about May 3, 2007, Will Ayers suffered a major stroke on an airplane en route to China, rendering him disabled.

13. On or about May 3, 2007, Jim Ayers took control of Will Ayers' person and estate and began total control of the affairs of Will Ayers.

14. Defendants engaged in illegal and oppressive conduct toward the plaintiff, which conduct was heavy-handed and abusive, as follows:

    (a) All acts alleged above are incorporated herein by this reference and;

    (b) CIMCO's original corporate book dating back to the 1970s documenting Will Ayers' ownership of 500 shares, disappeared, and a new book resurfaced with entries beginning 2003 noting Will's ownership of only 345

shares when Will never surrendered his 500 shares.

(c) The deliberate confiscation, hiding, secreting, doctoring, and disappearance of the corporate stock book, to engineer books that were fraudulently altered, are oppressive and heavy-handed.

(d) Jim Ayers has altered the CIMCO stock book, that is under his sole control and to which he does not permit Plaintiff and Will Ayers to have access, after Will Ayers noted Plaintiff's ownership of 250 CIMCO shares, into an instrument of his abuse and fraud which documents nothing but the abuse and fraud of Jim Ayers. The stock book is not in any manner an instrument of valid recordings of proper corporate transactions effectuated through legal corporate procedures.

(f) Defendants at all times hid their fraudulent actions from Plaintiff and bypassed all legal procedures. Defendants made no disclosure of their fraud cloaked by secrecy and illegal conduct against the plaintiff. Defendants breached all fiduciary duties owed to Plaintiff including loyalty;

(g) Defendants have prevented plaintiff from participating in the corporate affairs of the defendant corporation and have wrongfully and fraudulently exercised their control over CIMCO;

(h) Jim Ayers is an attorney. Jim Ayers has engaged in fraud, lies, and illegal practices as against Will Ayers. Jim Ayers has informed Will Ayers that the latter is only entitled to 10% dividends even though Will Ayers is a 50% owner of CIMCO. Jim used CIMCO funds that belonged to Will Ayers for Jim's personal purposes. Jim made decisions at the board level and bypassed Will Ayers. Jim Ayers has excluded Will Ayers from his rightful participation in CIMCO board matters and management matters, even though Will Ayers is a member of the CIMCO board and officer of CIMCO. Jim Ayers spied and opened email communications between Plaintiff and her husband, Will Ayers. Jim Ayers cut off all communications Plaintiff made to her husband Will Ayers by ordering the latter to cease using his cell phone and by ordering that all calls from Plaintiff be transferred to Jim Ayers' voicemail. Will Ayers was at the total mercy of Jim Ayers who controlled Will Ayers' employment and salary at CIMCO. Will Ayers feared Jim Ayers due to his leverage as an attorney in the town of Bement and his abuse and control of CIMCO which included physically locking Will Ayers out of the offices of CIMCO and reducing his salary and excluding Will from any material information concerning

> CIMCO. Jim Ayers exerted his abuse without any fear as he deemed Will Ayers to be an opponent who had no power or knowledge or courage to protect himself or his interests.

15. The intent and effect of the foregoing illegal and oppressive conduct by defendants is, through fraud, to deprive plaintiff of her ownership interest in CIMCO with the seizing of plaintiff's property with no compensation to Plaintff. If defendants are alleged to succeed in their fraudulent scheme such would reward their fraudulent, illegal, and oppressive conduct, it would create the inequitable result of defendants profiting from their own illegal and oppressive conduct. By illegally depriving plaintiff of her ownership interest, defendants would then be able to seize plaintiff's property with no compensation to plaintiff.

16. As a direct and proximate result of one or more of the aforesaid illegal and oppressive acts of the defendants, plaintiff's contractual and property rights in and to CIMCO, have been and will be injured, damaged and, if defendants are not enjoined, damaged. Defendants' conduct has already led to plaintiff being temporarily deprived of the benefits of stock ownership. If not enjoined from pursuing their further illegal actions, and their oppressive conduct, regarding plaintiff's interest in CIMCO, that deprivation will become permanent and defendants will damage plaintiff's stock interest and plaintiff will not receive the proper value for that stock.

17. Plaintiff's property right that needs the protection of this Court is her valuable interest in CIMCO, and her statutory right to be free from illegal and oppressive conduct of the defendants, or, alternatively, to receive the fair value of that stock as a result of defendants' illegal and oppressive conduct.

18. As a direct and proximate result of one or more of the aforesaid illegal and oppressive acts of the defendants, plaintiff's contractual and property rights in and to CIMCO, have been and will be injured, damaged and destroyed, if defendants are not legally ordered to compensate Plaintiff for Defendants' effective theft of Plaintiff's property and the deprivation of her rights, with compensation. Without the entry of injunctive relief to protect those rights and property interests, plaintiff's right to receive fair value for her stock in CIMCO will be compromised.

19. The foregoing acts of the defendants constitute violations of section 12.56(a)(3) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(a)(3), and further constitute the breach of fiduciary duties, as a matter of law.

20. Absent the issuance of an injunction by this Court prohibiting the defendants from excluding, pursuant to section 12.56(b)(1) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(b)(1), plaintiff's stock investment in CIMCO will be lost or extinguished, causing plaintiff to suffer irreparable harm and damage.

21. Plaintiff has no adequate remedy at law because her stock investment in CIMCO will be lost or substantially compromised by the conduct of the defendants, should that conduct be permitted to continue. Plaintiff needs to retain her stock in CIMCO so that she can obtain fair value for her stock, pursuant to section 12.56(b)(11) and 12.56(e) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(b)(11) and §12.56(e).

22. Plaintiff should be absolved from posting any bond because the injunctive relief sought herein merely prevents continuing damage, rather than creating any damage to the defendants.

WHEREFORE, Plaintiff HELEN RYERSON AYERS, pursuant to, *inter alia*, section 12.56 of the Illinois Business Corporation Act, as amended, 805 ILCS §5/12.56, requests this Court to enter the following relief against the defendants, JAMES L. AYERS and CENTRAL ILLINOIS MANUFACTURING COMPANY, as follows:

      A.    That this Court issue a temporary restraining order pursuant to Section 11-101 of the Illinois Code of Civil Procedure, 735 ILCS §5/11-101 or, as the case may be, a preliminary injunction pursuant to Section 11-102 of the Illinois Code of Civil Procedure, 735 ILCS §5/11-102, by its clerk and under its seal, enjoining the defendants JAMES L. AYERS and CENTRAL ILLINOIS MANUFACTURING COMPANY, and their attorneys, agents, servants and all other persons acting under their direction and control:

      (i)    From terminating or attempting to terminate plaintiff's status as a shareholder of CIMCO;

      (ii)    From communicating or disclosing to any person, that plaintiff is not a shareholder of CIMCO;

      (iii)    From damaging or wasting the assets of CIMCO, or engaging in any act or expenditure outside the ordinary course and normal course of business;

      (iv)    To pay plaintiff any dividend to which she is entitled as shareholder of CIMCO, pursuant to section 12.56(b)(1) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(b)(1), until the resolution of the stock valuation and purchase sought herein under section 12.56(b)(11) and 12.56(e) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(b)(11) and §12.56(e), and until such a statutory purchase; and/or

(v)      From damaging or wasting the assets of CIMCO until the conclusion of the foregoing stock purchase, or engaging in any act or expenditure outside the ordinary course and normal course of business until the conclusion of the foregoing stock purchase;

(vi)     From retaliating against plaintiff because plaintiff availed herself of her statutory right to have her stock valued and purchased;

(vii)    From altering the *status quo*, namely, the last, actual, peaceable status prior to the controversy that led to the filing of this action.

B.   That said temporary restraining order may be issued immediately (with or without previous notice to the defendants), or said preliminary injunction may be issued with previous notice to the defendants; that the plaintiff be excused from giving bond; but if required by this Court, plaintiff be ordered to give bond upon such condition and with such security as the Court prescribes.

C.   That upon final hearing and determination of this cause a permanent injunction be issued enjoining the defendants and any successor, attorney, agent, servant or other person acting under their direction or control from committing any of the aforesaid acts; and

D.   That this Court grant accelerated discovery so that plaintiff may ascertain the nature and extent of the efforts in which defendants and others are involved prior to any evidentiary hearing on a preliminary injunction.

E.   That this Court grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II - VALUATION AND PURCHASE OF PLAINTIFF'S SHARES AND OTHER RELIEF UNDER 805 ILCS §5/12.56

1-19.   Plaintiff realleges and incorporates by this reference paragraphs 1-19 of Count I as and for paragraphs 1-19 of this Count II.

20.   Pursuant to section 12.56(a)(3) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(a)(3), the foregoing conduct of defendants constitutes illegal and oppressive actions entitling plaintiff to the remedies and relief set forth in section 12.56(b) of the Business Corporation Act, as amended, 805 ILCS §5/12.56(b).

21.   Plaintiff seeks to compel the defendant corporation, CIMCO, or JAMES L. AYERS, to purchase her stock in CIMCO for fair value, pursuant to sections 12.56(b)(11) and 12.56(e) of the Business Corporation Act, as amended, 805 ILCS §§5/12.56(b)(11) and 12.56(e).

WHEREFORE, the plaintiff HELEN RYERSON AYERS, asks this Court to enter an order and judgment, pursuant to section 12.56 of the Business Corporation Act, as amended, 805 ILCS §5/12.56, against defendants JAMES L. AYERS and CENTRAL ILLINOIS MANUFACTURING COMPANY, an Illinois Corporation, that:

A.   Invalidates defendants' oppressive actions;

B.   Compels JAMES L. AYERS or CENTRAL ILLINOIS MANUFACTURING COMPANY, to purchase plaintiff's stock in CIMCO for fair value, pursuant to sections 12.56(b)(11) and 12.56(e) of the Business Corporation Act, as amended, 805 ILCS §§5/12.56(b)(11) and 12.56(e);

C. Awards plaintiff damages suffered by defendants' conduct under section 12.56(b)(10) of the Business Corporation Act, as amended, 805 ILCS §§5/12.56(b)(10).

### COUNT III - BREACH OF FIDUCIARY DUTY - DAMAGES

1-19. Plaintiff realleges and incorporates by this reference paragraphs 1-19 of Count I as and for paragraphs 1-19 of this Count III.

20. Defendants JAMES L. AYERS or CENTRAL ILLINOIS MANUFACTURING COMPANY, owed plaintiff a fiduciary duty to act with utmost good faith and loyalty towards the plaintiff.

21. Defendants breached that fiduciary duty and acted in bad faith towards the plaintiff by virtue of defendants' conduct set forth above.

WHEREFORE, the plaintiff HELEN RYERSON AYERS, demands judgment against defendants JAMES L. AYERS and CENTRAL ILLINOIS MANUFACTURING COMPANY, an Illinois Corporation, in an amount in excess of Fifty Thousand Dollars ($75,000.00), to compensate her for the damages sustained, together with the costs of this action.

HELEN RYERSON AYERS

By: /s/Philip J. Nathanson
    Her Attorney

Philip J. Nathanson
THE NATHANSON LAW FIRM
120 North LaSalle Street - Suite 2600
Chicago, IL  60602
(312) 782-3322
(312) 782-4518 (FAX)
philipj@nathansonlawfirm.com